Owens-R v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-166-CR

     ROYLAND OWENS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the Criminal District Court No. 2
Dallas County, Texas
Trial Court # F92-73802IHI
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Owens appeals his conviction for aggravated assault of a police officer, for which
he was sentenced to two years in the Texas Department of Criminal Justice.
      Appellant waived a jury and entered a plea of not guilty to attempted capital murder in a trial
before the court. After presentation of evidence, the trial court found Appellant guilty of the
lesser-included offense of aggravated assault on a peace officer, and the court sentenced him to
two years in prison. The trial court made an affirmative finding of the use or exhibition of a
deadly weapon.
      Appellant appeals on one point of error:
The trial court's finding that Appellant is guilty of the lesser-included offense of
aggravated assault is not supported by the evidence.

      In reviewing the sufficiency of the evidence, we must determine whether, considering the
evidence in the light most favorable to the verdict, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 99 S. Ct. 2781,
2789; Jones v. State, 833 S.W.2d 118, 22 (Tex. Crim. App. 1992).
      Texas Penal Code § 22.02 (Vernon 1994) provides six ways a person may commit the offense
of aggravated assault:
1.Causing serious bodily injury to another;
 
2.Threatening a peace officer with a deadly weapon;
 
3.Threatening to cause bodily injury to a peace officer;
 
4.Causing bodily injury to a peace officer;
 
5.Causing bodily injury to a participant in a court proceeding; and
 
6.Using a deadly weapon.

      On December 22, 1992, uniformed police officer Walton found Appellant walking behind a
strip mall in North Dallas carrying a plastic jug filled with gasoline. Officer Walton stopped
Appellant and asked him what he was doing. Appellant replied that he was walking to the gas
station because his car had run out of gas. When Appellant did not appear at the gas station,
Officer Walton returned to the strip mall and found Appellant sitting inside an incinerator behind
the mall. Appellant's hands were concealed and Walton radioed for assistance. Appellant came
out of the incinerator carrying the plastic jug of gasoline. Walton drew his gun, identified himself
as a police officer, and told Appellant not to move. Appellant continued to approach Walton. 
Walton put his hand against Appellant's chest and backed him against a wall. Walton told him to
stand still. Appellant began to struggle with Walton and doused the officer with gasoline. Walton
was blinded by the gasoline but tried to subdue Appellant. When Walton opened his eyes he saw
Appellant attempt to open a box of matches. Walton ran to his car, radioed for assistance, and
followed Appellant. Other officers arrived and apprehended Appellant. Walton testified that he
received medical treatment for burns on his back, that he smelled like gasoline for two days, and
could taste it in his mouth.
      Appellant contends the evidence is insufficient to support his conviction for aggravated assault
on a police officer. Specifically, Appellant claims the evidence does not prove beyond a
reasonable doubt that Officer Walton received serious bodily injury.
      We hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant
threatened Officer Walton with a deadly weapon; threatened to cause bodily injury to Officer
Walton; caused Officer Walton bodily injury; and used a deadly weapon in an assault on Officer
Walton. The fact that Officer Walton did not suffer serious bodily injury does not render
Appellant not guilty of aggravated assault on a police officer under the provisions of Texas Penal
Code § 22.02 (Vernon 1994).
      Appellant's point is overruled and the judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 23, 1995
Do not publish